# CHARLESTON.

HANLEY *v.* NATIONAL LOAN & INVESTMENT CO.

Submitted January 19, 1898—Decided March 26, 1898.

1. INSANE PERSON—*Contracts.*
    A confirmed lunatic cannot make a valid binding contract either as to herself or her estate. (p. 451).

2. MARRIED WOMEN—*Deeds—Acknowledgment.*
    The acknowledgment of a married woman to a deed, to be effectual in passing her estate, must be positive and direct, and not left to mere inference. (p. 452).

3. INSANE PERSON—*Husband and Wife—Wife's Estate.*
    The husband of an insane wife cannot bind her separate estate to the payment of improvements put thereon, unless such improvements are in fraud of his creditors. (p. 452).

Appeal from Circuit Court, Cabell County.

Suit by A. A. Hanley, committee of Susan Russell, against the National Loan & Investment Company, to set aside and declare void a certain deed of trust and sale thereunder had. From a decree for plaintiff, defendant appeals.

*Affirmed.*

WILLIAMS, SCOTT & LOVETT, for appellant.

McCALLISTER & BLACKWOOD, for appellee.

DENT, JUDGE:

In the early part of the year 1891, Susan Russell was adjudged a lunatic and confined in the asylum at Weston,

The authorities, having reached the conclusion that she was incurable and harmless, by order of the circuit court of Cabell county, entered on the 10th day of September, 1891, delivered her to the care and custody of her husband, William Henry Russell, he having executed bond as required by law for her safe-keeping. On the 1st day of June, 1894, William Henry Russell, in his wife's name, obtained a loan of money amounting to three hundred dollars, less certain expenses, from the National Loan & Investment Company of Detroit, Michigan, and to secure which he, together with his insane wife, executed a deed of trust to E. E. Williams, trustee, on a house and lot belonging to his wife. The money borrowed was expended in repairing said house. Default was made in the payment of the loan, and the trustee proceeded to sell the property, and the National Loan & Investment Company became the purchaser thereof. In the meantime A. A. Hanley, brother of Susan Russell, was appointed committee for her, and immediately instituted this suit to set aside and declare void the trust deed and sale thereunder because of her insanity. The Loan & Investment Company appeared, answered, and resisted said suit for the reason that it had no notice of insanity, and that it was acting in perfect good faith, and, even if she was insane and her deed void, that it had the right to have the money loaned declared a lien upon and charged against the lunatic's property, as she had received the benefit thereof by reason of the improvements thereon. At the sale the property brought an insufficient sum to pay the loan. The court, on a hearing of the case, held the trust void, canceled the sale, and refused, to grant the defendant the relief prayed in its answer, but in the final decree reserved to the defendant the right to bring any proper suit it might be advised for the money loaned. The defendant company appeals. The insanity of Susan Russell is beyond question, and the appellant, by judicious inquiry, might have easily obtained knowledge of the fact. She was wholly incapable of entering into any binding contract. 11 Am. & Eng. Enc. Law, 132.

The deed in this case is void for another reason. The lunatic is a married woman, and there is no proper certi-

ficate of acknowledgment attached to the deed. The only certificate thereto is in these words, to wit: "I hereby certify that all erasures and interlineations were made before signing and acknowledgment. Paul W. Scott, Notary Public." This is neither in form nor effect the certificate of acknowledgment required by section 4, chapter 73, Code, before a married woman's interest could be divested under section 6 of same chapter. Instead of there being a positive statement of the acknowledgment, the court is left to infer the same from a certificate of the notary that "all erasures and interlineations were made before signing and acknowledgment." The court committed no error in holding that this deed did not bind the lunatic's estate. Nor can the good faith of the appellant render an invalid act valid, or create a lien on the property of an insane person. Her personal estate and the rents and profits of her realty might be bound for necessaries for her, but the corpus of her realty could not be affected without the intervention of a court of equity. Code, c. 58, ss. 37, 38. In this case the contract was made and the money furnished to the husband of the lunatic, she having no committee at the time. A husband cannot in this manner charge the corpus of his wife's separate real estate, although, if he borrow money and invest it in improvements on his wife's separate real estate in fraud of his creditors, he being insolvent, such defrauded creditors may at least subject the rents, issues, and profits of such property, owing to the enhanced value thereof by reason of such improvements, to the payment of their claims. *Bank* v. *Wilson*, 25 W. Va., 242. But there are no allegations of this kind in this case, neither claiming the liability of the husband nor setting up his insolvency. The whole attempt on the part of the appellant is to hold an insane married woman to a contract which she was wholly incapable of making. Under the liberal pleadings of this State, the general allegation of insanity contained in the bill is sufficient, and the proof thereof clear, convincing, and places the same beyond controversy. She had been adjudged a lunatic, confined in the asylum, and discharged therefrom as hopelessly incurable and harmless, and this was a matter commonly known to all the neighborhood,

To hold such a person, or her property, liable to contracts made by her husband, though in her name, would be legally inequitable. The circuit court simply refused to enforce this matter as a binding contract against the lunatic or her estate, but reserved to the appellant the right to bring any other suit it might be advised to institute. In this there appears to be no error. The decree is therefore affirmed.

*Affirmed.*